**Nicholas J Henderson, OSB #074027**
Motschenbacher & Blattner LLP
117 SW Taylor St., Ste. 300
Portland, OR  97204
Phone: 503-417-0508
Fax:  503-417-0528
nhenderson@portlaw.com

*Of Attorneys for Level 3 Homes & Design, LLC; and
Heirloom, Inc.*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re: | Bankruptcy Case Nos. |
| LEVEL 3 HOMES & DESIGN, LLC, | 20-30271-tmb11 (Lead Case) |
| and | 20-30272-tmb11 |
| HEIRLOOM, INC., | Jointly Administered |
| Debtors. | NOTICE OF MOTION |

### NOTICE – LBR 9019-1(B)

PLEASE TAKE NOTICE: If you oppose the proposed course of action or relief sought in the attached motion, you must file a written objection with the bankruptcy court within 14 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case.

/ / / / /

/ / / / /

/ / / / /

{00354598:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

The objection must be received by the clerk of the court at United States Bankruptcy Court, 1050 SW 6th Avenue, #700, Portland, OR 97204, by the deadline specified above or it may not be considered. You must also serve the objection on Nicholas J. Henderson, Motschenbacher & Blattner LLP, 117 SW Taylor Street, Suite 300, Portland, OR 97204, within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

{00354598:1}

**Nicholas J Henderson, OSB #074027**
nhenderson@portlaw.com
Motschenbacher & Blattner LLP
117 SW Taylor St., Ste. 300
Portland, OR 97204
Phone: 503-417-0508
Fax: 503-417-0528

*Of Attorneys for Debtors Level 3 Homes & Design, LLC,*
*and Heirloom, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>LEVEL 3 HOMES & DESIGN, LLC,<br><br>    and<br><br>HEIRLOOM, INC.,<br><br>            Debtors. | Bankruptcy Case Nos.<br><br>20-30271-tmb11 (Lead Case)<br><br>20-30272-tmb11<br><br>Jointly Administered<br><br>DEBTORS' AMENDED APPLICATION FOR AUTHORITY TO EMPLOY ACCOUNTANT / BOOKKEEPER, AND MOTION TO APPROVE INTERIM COMPENSATION PROCEDURES |

Pursuant to 11 U.S.C. §§ 327, 328, and 331, and Bankruptcy Rule 2014, Level 3 Homes

& Design, LLC and Heirloom, Inc. (together, the "***Debtors***") move the Court for authority to

employ Profound Financial, PLLC ("***Profound***"), effective as of March 2, 2020 as their

accountant and bookkeeper to provide services including, but not limited to, recording and

classifying financial transactions, preparing Debtors' 2019 tax returns and other submissions

required by the federal or state taxing authorities, or as required by the Bankruptcy Court, and

DEBTORS' AMENDED APPLICATION FOR AUTHORITY TO EMPLOY ACCOUNTANT / BOOKKEEPER

{00341186:2}

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

providing other necessary accounting and bookkeeping advice in connection with Debtors' bankruptcies. Debtors also request authority to pay Profound on a monthly basis, in accordance with the procedures set forth herein. In support of this application, Debtors represent as follows:

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this application constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.      The statutory predicates for the relief sought by this application are sections 327(a), 328(a) and 1107 of the Bankruptcy Code. Venue is proper under 28 U.S.C. § 1408.

## BACKGROUND

3.      On March 27, 2020, Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are continuing in the management and possession of its business and properties as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been requested or appointed in either case, and the United States trustee has not appointed a committee of creditors.

4.      Debtors require the assistance of an accountant and bookkeeper to prepare Debtors' 2019 federal, state and local income tax returns, and any other reporting as required by the federal or state taxing authorities, or as required by the Bankruptcy Court, to provide financial and accounting advice, and to manage Debtors' financial transactions in connection with Debtors' bankruptcies.

/ / / / /

/ / / / /

/ / / / /

DEBTORS' AMENDED APPLICATION FOR AUTHORITY TO EMPLOY ACCOUNTANT / BOOKKEEPER

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

5.      Debtors wish to employ Profound as their accountant and bookkeeper in these

proceedings.  Debtors selected Profound for the reason that Profound has the experience needed

to prepare the tax returns and other reporting, as well as manage Debtors' financial transactions,

and because Profound is well-known for serving individuals and companies with interests in

closely held businesses of all sizes.

6.      To the best of Debtors' knowledge, Profound has no connection with the creditors

or any other adverse party or its attorneys, except as disclosed in the Rule 2014 Verified

Statements on file herein.

7.      To the best of Debtors' knowledge, Profound represents no interest adverse to

Debtors or the business.

## RELIEF REQUESTED

8.      By this application, Debtors seek entry of an order authorizing them to employ

Profound as accountant and bookkeeper, on the terms and conditions set forth in the Engagement

Agreement (as modified by the attached addenda) attached hereto as **Exhibit 1**.

9.      Debtors also request authority to pay Profound on a monthly basis, consistent

with the interim compensation procedures discussed below.

## POINTS AND AUTHORITIES

10.     Sections 327(a) and 328(a) of the Bankruptcy Code provide that a debtor, subject

to Court approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or

other professional persons, that do not hold or represent an interest adverse to the estate, and that

are disinterested persons, to represent or assist the Debtors in carrying out the Debtors' duties

under this title.  See 11 U.S.C. §§ 327, 328. Furthermore, Bankruptcy Rule 2014(a) provides that

an "order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, o

DEBTORS' AMENDED APPLICATION FOR AUTHORITY TO
EMPLOY ACCOUNTANT / BOOKKEEPER

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

{00341186:2}

other professionals pursuant to §327 . . . of the Code shall be made only on application of the trustee or committee." Fed. R. Bankr. P. 2014. Bankruptcy Rule 2014 requires that an application for retention of a professional includes specific facts showing the necessity for employment, the name of the firm to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the firm's connections with the debtor, creditors, any other party in interest, their respective attorneys and accounts, the United States Trustee, or any person employed in the office of the United States Trustee. *Id.*

11.     Courts take a case-by-case approach as to whether property managers qualify as "professionals" for purposes of section 327. *See, e.g., In re Bannerman Holdings, LLC*, 2010 WL 2404313, at *3 (Bankr. E.D.N.C. June 10, 2010) (analyzing "the facts of this case" in determining whether "the 'professional' threshold has . . . been established."); *In the Matter of Park Terrace Townhouses v. Wilds*, 852 F.2d 1019 (7th Cir.1988) (property manager held to be a professional when granted broad autonomy and discretion).

12.     In bankruptcy proceedings, professionals who perform services for a debtor in possession cannot recover fees for services rendered to the estate unless those services have been previously authorized by a court order. *In re Atkins*, 69 F.3d 970, 973 (9th Cir. 1995) (citations omitted). The bankruptcy courts in the 9th Circuit possess the equitable power to approve retroactively a professional's valuable but unauthorized services. *Id.* (citations omitted).

13.     Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and

{00341186:2}

DEBTORS' AMENDED APPLICATION FOR AUTHORITY TO EMPLOY ACCOUNTANT / BOOKKEEPER

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

a hearing, the court may allow and disburse to such applicant such
compensation or reimbursement.

11 U.S.C. § 331. Absent an order of this Court, section 331 limits Professionals rendering

services in these Chapter 11 Cases to payment of fees and expenses only three times per year.

**A. Debtors' Need for Services from Profound.**

14.     In this case, Debtors seek authority to employ Profound to (1) coordinate and

manage Debtors' monthly payroll; (2) prepare and file payroll tax returns with taxing authorities;

(3) manage payment of employees and submission of tax withholding payments to taxing

authorities; (4) handle bookkeeping and record keeping services for all income and expenses; (5)

prepare monthly operating reports, including additional detailed reports requested by the United

States Trustee; (6) review Debtors' pre-petition bookkeeping records and correct any erroneous

bookkeeping entries therein; and (7) prepare Debtors' 2019 tax returns (collectively, the

"*Services*").

15.     Debtors' representatives are unable to efficiently and accurately perform the

Services themselves.  See Killian Decl., ¶ 3.  Additionally, Debtors anticipate saving a

significant amount of money using Profound's services for bookkeeping and payroll, in

comparison to the salaries Debtors previously paid to a controller and assistant controller prior to

the filing of the bankruptcy petitions.  *Id.*

**B. Profound's Qualifications**

16.     Debtors selected Profound for the reason that it has extensive experience with and

is competent in the field of bookkeeping and accounting, and because Profound is familiar with

the Debtors' business.  Killian Decl., ¶ 4.  Additionally, Debtors selected Profound because it is

licensed and insured.  Killian Decl., ¶ 5.

DEBTORS' AMENDED APPLICATION FOR AUTHORITY TO
EMPLOY ACCOUNTANT / BOOKKEEPER

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

**C. Profound's Disinterestedness**

17.     To the best of the Debtors' knowledge, Profound has no connection with the

Debtors' creditors or any other adverse party or their attorneys.

18.     To the best of Debtors' knowledge, Profound does not represent any interest that

is adverse to the Debtors or their estates.

19.     The Debtors believe that Profound is a "disinterested person" within the meaning

of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy

Code, and employment by the Debtor is permissible under sections 327(a) and 328 of the

Bankruptcy Code and is in the best interests of all parties-in-interest.

**D. Profound's Compensation**

20.     Debtors seek approval of the following procedures by which it can compensate

Profound on a monthly basis:

     a.   With the Debtors' Rule 2015 Monthly Operating Report (the "***Report***"), the Debtors shall include a report containing an itemization of Profound's fees and expenses for calendar month covered by the Report.

     b.   Unless a party in interest objects to payment of Profound's fees and expenses within 14 days from the date the Report is filed, Debtors shall be authorized to pay Profound's fees and expense reimbursements.

     c.   Upon receiving an objection from a party in interest, Debtors shall request a hearing to have the matter decided by the Court.

21.     Neither the failure to object nor the payment or nonpayment of any portion of the

requested monthly interim compensation and expenses shall bind any creditor, party in interest,

or the Court with respect to the final allowance of applications for compensation and

reimbursement of expenses.

22.     All fees and expenses paid to Profound under these proposed interim

compensation procedures are subject to disgorgement until final allowance by the Court.

DEBTORS' AMENDED APPLICATION FOR AUTHORITY TO
EMPLOY ACCOUNTANT / BOOKKEEPER

{00341186:2}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

### E. Accompanying Documents

23.     Attached are Profound's Rule 2014 Verified Statements.

24.     Attached as **Exhibit 1** is Profound's proposed engagement agreement, with addenda which modify the terms of the engagement agreement to address specific contract terms that are not appropriate for the Debtors while in bankruptcy.

25.     Attached as **Exhibit 2** is a proposed order authorizing Debtors to employ Profound, approving the terms and conditions of Profound's employment, and authorizing the Debtors to pay Profound on a monthly basis using the proposed interim compensation procedures described herein.

WHEREFORE, Debtors request entry of the proposed Order that is attached as **Exhibit 2** hereto, authorizing employment of Profound Financial, PLLC, and authorizing the interim compensation procedures described above.

DATED: April 8, 2020                    MOTSCHENBACHER & BLATTNER LLP

By:/s/ Nicholas J. Henderson
  Nicholas J. Henderson, OSB No. 074027
  Of Attorneys for Debtors

DEBTORS' AMENDED APPLICATION FOR AUTHORITY TO
EMPLOY ACCOUNTANT / BOOKKEEPER

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

{00341186:2}

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

In re                     )
                           ) Case No. _____
                           )
                           ) RULE 2014 VERIFIED STATEMENT
Debtor(s)            ) FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1.  The applicant is not a creditor of the debtor except:

2.  The applicant is not an equity security holder of the debtor.

3.  The applicant is not a relative of the individual debtor.

4.  The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5.  The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6.  The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7.  The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8.  The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9.  The applicant is not a person in control of the debtor.

10.  The applicant is not a relative of a director, officer or person in control of the debtor.

11.  The applicant is not the managing agent of the debtor.

12.  The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13.  The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

    **3/12/19 debit card payment $1390**
    **10/2/19 check number 70135 $2458.88**

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

In re                                    )
                                         )  Case No. _____
                                         )
                                         )  RULE 2014 VERIFIED STATEMENT
Debtor(s)                                )  FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1.  The applicant is not a creditor of the debtor except:

2.  The applicant is not an equity security holder of the debtor.

3.  The applicant is not a relative of the individual debtor.

4.  The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5.  The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6.  The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7.  The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8.  The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9.  The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

   **3/12/19 debit card payment $1390**
   **10/2/19 check number 70135 $2458.88**

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
                                    Applicant

1114 (11/30/09)    Page 3 of 3

# EXHIBIT 1

# ENGAGEMENT LETTER
## AND ADDENDA

{00341186:2}

**Profound Financial, PLLC**
**7121 W. Bell Road Suite 210**
**Glendale, AZ 85308**

Phone (623) 566-9821  Fax (623) 566-9847

February 28, 2020

Dear Mr. Killian and Mr. Donato:

Thank you for choosing Profound Financial, PLLC. This letter is to confirm and specify the terms of our engagement with you and to clarify the nature and extent of the services we will provide. In order to ensure an understanding of our mutual responsibilities, we ask all clients for whom services are provided to confirm the following arrangements.

SCOPE OF SERVICES

____Attached and included with this engagement letter is the detailed service listing you've chosen for your company and the individual terms that apply to each service offering. Attached and included as a part of this agreement is a:

- ☐ Payroll Service Agreement New Client
- ☑ Payroll Service Agreement Returning Client
- ☑ Bookkeeping Compliance with expanded reporting
- ☐ Bookkeeping Expand your Business package
- ☑ Business Tax Return

- ☐ Tax Pay Less package
- ☐ Add-On Services Agreement

INVOICING

All services included in our package pricing is provided on a pre-pay basis. Your monthly amount for the service package is $4500  . This amount will be directly debited from your bank account on or after the  1st   of each month from March 1, 2020  until December 31, 2020. Any additional fees will be invoiced at time of completion and needs to be paid prior to the product being provided to you. If it is necessary to provide payment terms arrangements need to be made ahead of time and invoices are due based on the agreed upon terms. Unpaid invoices will be sent to an outside collection agency and a 35% collection fee will be added.  Services cannot be provided if invoices have been sent to collections; including any services under this agreement, support services for tax preparation, reprints of tax returns, or supplying QuickBooks Files or accounting work papers. You understand that signing below for all companies involved in this agreement holds you personally responsible for any amounts due.  This work includes items pertaining to transactions for the 2020 calendar year. Work for calendar year's prior to 2020 will be separately invoiced.

TERMINATION

Either party may terminate this relationship by any form of written notification including Email, with a 30 day notice. All outstanding invoices must be paid immediately upon termination. We reserve the right to withdraw from the engagement without completing the work if you fail to comply with the terms of this engagement letter. If any of this agreement is deemed invalid or unenforceable, the finding shall not invalidate the remainder of the terms set forth in this engagement letter.

LIMIT OF LIABILITY

You agree that Profound Financial, PLLC, including all affiliated parties, liability hereunder for damages, regardless of the form of action, shall not exceed the total amount paid for the services described herein. This shall be your exclusive remedy.

You further agree that Profound Financial, PLLC will not be liable for any lost profits, or for any claim or demand against you by any other party. In no event will Profound Financial, PLLC be liable for incidental or consequential damages even if we have been advised of the possibility of such damages.
No action, regardless of form, arising out of the services under this agreement, may be brought by either party more than one year after the date of the last services provided under this agreement.

ARBITRATION

Any dispute, controversy or claim arising out of or relating in any way to this agreement, excluding disputes concerning the collection of fees, shall first be presented in writing by the complaining party. Both parties must try in good faith to negotiate an agreement.  If an agreement cannot be reached you agree to submit to final and binding arbitration conducted under the Rules of the American Arbitration Association which pertain to the resolution of claims against accountants. The arbitrator(s) selected to preside over any arbitration proceeding must be mutually agreeable to both parties. The arbitration must be conducted in Maricopa County in the state of Arizona. Judgments on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

The cost of the arbitration must be first paid for by the party bringing the dispute and any award for the cost of Arbitration will be decided upon by the Arbitrator.

The arbitrator(s) shall have authority to award compensatory damages, but only for such damages as found to have been directly and solely caused by acts, errors, or omissions committed in violation of our professional duties, and only to the extent they are less than the amount of fees which you pay for our services. If the amount of compensatory damages is greater than the amount of fees which you pay for our services, than the arbitrator(s)' authority to award compensatory damages shall be limited to the amount of fees paid.

Except as may be required by law, neither party nor its representatives may disclose the existence, content, or results of any arbitration hereunder without prior written consent of all parties.

APPLICABLE LAW

This engagement letter shall be governed as to validity, interpretation, construction, effect and in all other respects by the laws and decisions of the state of Arizona. In the event of commencement of any legal action regarding any term or condition of this engagement such action by agreement is to be subject to the jurisdiction of the courts of the state of Arizona or its political subdivisions.

CONFIDENTIALITY AND THIRD PARY REQUESTS FOR INFORMATION

Work papers and other documentation prepared by us in connection with this engagement are property of Profound Financial, PLLC. However, we will not disclose confidential information belonging to the client contained in those work papers or otherwise disclosed to us during this engagement except when required by law or permitted under the rules of professional conduct governing accountants.

In the event that we are required to respond to a subpoena, court order, or other legal process for the production of documents and/or testimony relative to information obtained and/or prepared during the course of our engagement, you agree to compensate us at our hourly rates for forensic or litigation services,

for the time we expend in connection with such responses, and to reimburse us for all of our out-of-pocket expenses incurred in that regard, including but not limited to reasonable attorneys' fees incurred by us in connection with responding or objecting to the scope of an information request, or incurred as a result of your refusal to provide written consent to produce subpoenaed documents or provide the required testimony.

COMPLETE AGREEMENT

This letter and the list of attached documents, comprises the complete and exclusive statement of the agreement between the parties, superseding all proposals oral or written and all other communications between the parties. If any provision of this letter is determined to be unenforceable, all other provisions shall remain in force. By signing below, you acknowledge with full authority and understanding this Engagement Letter and the terms indicated within. If additional services are requested they are to be covered under a separate engagement letter.

The terms of this engagement letter may not be modified in any respect unless in writing and signed by both parties and then modification shall be effective only in the specific instance or purpose for which it is given.

Please acknowledge your acceptance of the terms of this engagement by signing this letter and returning the executed copy to us.

Sincerely,

Dannett Gardiner, CPA
Profound Financial, PLLC

Accepted By:

Signature:_____ Title: CEO/Partner Date: 3/3/20

Signature:_____ Title: CFO/Partner Date: 3/03/20

Personal Guarantee

I/We jointly and individually guarantee the performance of all obligations of _Heirloom Inc/Profound Financial_
in the above agreement.

Date: 3/3/20

By: Jeremy Killian                    By: Ryan Donato

Printed Name: Jeremy Killian          Printed Name: Ryan Donato

Address: 9002 N Sever ct              Address: 9002 N Sever Ct

City: PDX State: OR Zip: 97203        City: PDX State: OR Zip: 97203

# Profound Financial, PLLC

*Compliance Bookkeeping*

## SCOPE AND SCHEDULE OF SERVICES

The start-up package includes preparing your monthly bookkeeping and providing you a profit and loss, a balance sheet, and a detail transaction report by the 15th of each month for the prior month's activity. You will receive unlimited e-mail support regarding the processing of your books and the preparation of these documents.

## PRICING

Your services have been priced based on the following information:

Average transactions per month:   2500

Accounts at:  Wells Fargo

Adding additional accounts may require a re-pricing of your package. The package will be evaluated in December of each year to update any change in the average number of transactions.

## CLIENT RESPONSIBILITIES

You will need to deliver by the 5th of the month any necessary items to complete our work. This may include making bank statements and other financial statements available for download or delivery. Copies of checks written or invoices paid with the check number included. Payroll reports (if we do not process payroll for you). Please review the instruction manual for any other necessary items. Failure to provide monthly items timely will delay our processing.

## SCOPE LIMITATIONS

Our work in connection with the preparation of your bookkeeping and financial statements does not include any procedures designed to discover defalcations or other irregularities, should any exist.

While we will keep records to back-up our work under this package it is your responsibility to keep all of your papers to supply in the event you are audited. Boxes and packages left in our offices must be picked up within 5 days of being notified that they are available for you. Failing to pick up your documents will incur a storage fee of $10 per week.

Under this package we are supplying financial statements for management purposes only as well as requested reporting for your court case. We are not auditing, reviewing, or providing you with a compilation letter to use for other purposes. If you need such services they must be handled under a separate agreement.

You understand that this agreement is a part of a package price. Failure to cover package pricing will discontinue all services.

Initials ____

Initials ____

# Profound Financial, PLLC

*Payroll Service Agreement – Returning Client*

## SCOPE OF SERVICES

- ☐ Provide net checks for pick up the day preceding payroll pay date or
- ☑ Provide net checks by delivery the day preceding payroll pay date.
- ☐ Direct deposit employee net checks to the employee's account.
- ☑ Verify the validity of employee's social security numbers.
- ☑ Coordinate the payment of payroll taxes from your account and submit tax payments to all taxing agencies.

- ☐ Mail payroll paystubs to employees directly or
- ☐ Provide employee paystubs to employer for distribution to employees.
- ☑ File all monthly, quarterly and annual returns for Federal, State, and Local agencies.
- ☑ Provide W-2s to employees and agencies.
- ☑ Respond to agency notices for all payroll periods where services were prepared.

☑ Other Instructions: *Meet all necessary BK / Attorney matters*

Payroll processing is performed based on the data and information you provide to us. We will not audit or otherwise verify the date you submit, although it may be necessary to ask you for clarification of some of the information. You are responsible for reviewing your payroll for accuracy. You understand that our services are not intended to detect defalcations or other irregularities should any exist.

## PAYROLL SCHEDULE

- ☐ Weekly with cutoff of _____ and paid every _____. You must provide

  payroll information to Profound every _____ by 5 pm.

- ☑ Bi-Weekly with cutoff every other _Saturday_ and paid every other _Friday_. You

  must provide payroll information to Profound every other __Tuesday__ by 5pm.

- ☐ Monthly with cutoff every _____ of the month and paid every _____.

  Client must provide payroll information to Profound every _____ by 5 pm.

- ☐ Other_____
  _____

## CLIENT RESPONSIBILITIES

You must provide to us a valid power of attorney and reporting authorizations for all state and federal agencies. We will ask you to update these forms and you must provide updated authorizations within one week of receiving the request. If you receive any notices from agencies and we do not have a valid power of attorney we will not be able to provide any services on these notices.

You agree to deliver payroll information based on the above payroll schedule.

Client must maintain sufficient funds on account to cover all payroll tax deposits, current or past due. If Profound is unable to make payroll tax payments a monthly surcharge of $100 will be added to monitor your balances with the agencies. If additional work is required as a result of your inability to make timely payroll tax payments those hours will be invoiced separately.

If Profound Financial, PLLC or you terminates this agreement we will not be responsible for making any further payroll tax deposits or filings, and shall retain tax deposits sufficient enough to offset any amounts owed by the client. The remaining balances held will be refunded within 10 days.

LIMIT OF LIABILITY

You agree to indemnify, defend and hold Profound Financial, PLLC, including all affiliated parties, harmless against any claims brought against you by any employee disputes.

SCOPE LIMITATIONS

Our service does not cover audits of your payroll data by outside agencies. Examples of those agencies or types of audits include but are not limited to: workers compensation insurance agencies, unemployment agencies, or labor board disputes. Services rendered for these audits will be a separate charge.

You understand that this agreement is a part of a package price. Failure to cover package pricing will discontinue payroll processing services.

Initials_____

Initials_____

# *Profound Financial, PLLC*

## *Tax Preparation Agreement*

### SCOPE AND SCHEDULE OF SERVICES

We will prepare your 2019 federal, state, and local income tax return for Heirloom and Level 3. The business portion of your return will be completed by March 15th of 2020 as long as all required items from you have been supplied.

We will prepare your return based on the information you supply to us. We will not audit or otherwise verify the data you submit, although it may be necessary to ask you for clarification of some of the information. We have provided several online organizers at http://www.profoundfinancial.com/ to guide you in gathering the necessary information. Your use of such forms will assist in keeping pertinent information from being overlooked.

We will use professional judgment in resolving questions where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretations of the law and other supportable positions. Unless otherwise instructed by you, we will resolve such questions in your favor whenever possible.

### CLIENT RESPONSIBILITIES

It is your responsibility to provide all the information required for the preparation of complete and accurate returns in a timely manner. You should retain all the documents, canceled checks and other data that form the basis of income and deductions. These may be necessary to prove the accuracy and completeness of the returns to a taxing authority. You have the final responsibility for your income tax returns whether they are filed on paper or electronically submitted, and, therefore, you should review them carefully before you sign them or allow us to electronically process them on your behalf.

Keep in mind for business returns (corporations, LLC's, partnerships and fiduciaries) that management is responsible for the proper recording of transactions in the books of accounts, for the safeguarding of assets, and for the substantial accuracy of the financial records. You must review and approve the financial statements we will use to prepare your income tax returns.

### SCOPE LIMITATIONS

Our work in connection with the preparation of your income tax returns does not include any procedures designed to discover defalcations or other irregularities, should any exist.

If an extension of the time to file is required; any tax that may be due with the return in questions must be paid with the extension request. Any tax amounts not paid by the filing deadline are subject to

interest and late payment penalties when those amounts are actually paid. Due to increasing regulations regarding online and other direct payments we may be unable to process these on your behalf.

The law provides various penalties that may be imposed when taxpayers understate their tax liability. If you would like information on the amount or the circumstances of these penalties, please contact us.

While we will keep records to back-up our work under this package it is your responsibility to keep all of your papers to supply in the event you are audited. Boxes and packages left in our offices must be picked up within 5 days of being notified that they are available for you. Failing to pick up your documents will incur a storage fee of $10 per week. If you lose your tax return or tax documents providing copies of these items will incur a printing fee.

The returns may be selected for review by the taxing authorities or you may receive adjustments or other questions from the taxing authorities. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of such government tax examination or other correspondence, your service package fees include five hours of ongoing support. Required services over the initial ten hours will be available upon request and we will render additional invoices for the time and expenses incurred. Our fee for these services will be based upon the amount of time required at standard billing rates plus out of pocket expenses. All estimated fees must be paid as a retainer prior to services being offered. The ten provided hours will be provided for income taxes only and not for ongoing support for services already rendered (ie: broken installment agreements, failure to pay taxes due after we've notified you of accurate assessments).

If it is determined that a mistake on our part caused adjustments to your return and resulted in additional tax and penalties we will cover the penalties and interest up to the amount that you paid Profound for the preparation of your return ($185 for personal returns and $250 for separately filed company returns). We will not cover any additional taxes that you owe. Providing to Profound the agency notice immediately upon receipt is necessary for us to review and determine the accuracy of the notice and the amount of reimbursement. We will reimburse you directly. Miss reporting due to items you did not supply to Profound does not constitute a mistake.

Initials

Initials

# ADDENDUM A TO ENGAGEMENT AGREEMENT

This Addendum is made to that Engagement Agreement (the "Contract"), by and between Debtor-in-Possession, Level 3 Homes & Design, LLC ("Debtor" or "Client") and Danett Gardiner and Profound Financial, PLLC ("Agent"), regarding accounting services to be rendered to the Client. The terms of the Contract remain in full force and effect provided they do not conflict with the terms below. This Addendum applies to the Contract, and any modifications, renewals or extensions thereto, for so long as the Bankruptcy Case (defined below) remains open.

      1.      The Client is Level 3 Homes & Design, LLC, Debtor-in-Possession for the Bankruptcy Estate of Level 3 Homes & Design, LLC, Case No. 20-30271-tmb11 (the "Bankruptcy Case").

      2.      During the pendency of the Bankruptcy Case, the United States Bankruptcy Court for the District of Oregon shall have sole jurisdiction for any and all dispute resolutions pertaining or related to the Contract. Paragraph 11 of the Contract and any other references to mediation, arbitration, venue or choice of law are deleted and ineffective during the pendency of the Bankruptcy Case.

DATE: _____03 / 04 / 2020_____

Profound Financial, PLLC

_____

Name: Dannett Gardiner
Title:   Authorized Representative

Doc ID: 1f0b0640450dc690ae16d8f2219d49a0520703fa

# ADDENDUM A TO ENGAGEMENT AGREEMENT

This Addendum is made to that Engagement Agreement (the "Contract"), by and between Debtor-in-Possession, Heirloom, Inc.("Debtor" or "Client") and Danett Gardiner and Profound Financial, PLLC ("Agent"), regarding accounting services to be rendered to the Client. The terms of the Contract remain in full force and effect provided they do not conflict with the terms below.  This Addendum applies to the Contract, and any modifications, renewals or extensions thereto, for so long as the Bankruptcy Case (defined below) remains open.

      1.      The Client is Heirloom, Inc., Debtor-in-Possession for the Bankruptcy Estate of Heirloom, Inc. , Case No. 20-30272-tmb11 (the "Bankruptcy Case").

      2.      During the pendency of the Bankruptcy Case, the United States Bankruptcy Court for the District of Oregon shall have sole jurisdiction for any and all dispute resolutions pertaining or related to the Contract.  Paragraph 11 of the Contract and any other references to mediation, arbitration, venue or choice of law are deleted and ineffective during the pendency of the Bankruptcy Case.

DATE: 03 / 04 / 2020

Profound Financial, PLLC

Name: Dannett Gardiner
Title:   Authorized Representative

Doc ID: f10b0640450dc690ae16d8f2219d49a0520703fa

# ADDENDUM B TO ENGAGEMENT AGREEMENT

This Addendum is made to that Engagement Agreement (the "Contract"), by and between Debtor-in-Possession, Heirloom, Inc.("Debtor" or "Client") and Danett Gardiner and Profound Financial, PLLC ("Accountant"), regarding accounting, bookkeeping and payroll services to be rendered to the Client. The terms of the Contract remain in full force and effect provided they do not conflict with the terms below. This Addendum applies to the Contract, and any modifications, renewals or extensions thereto, for so long as the Bankruptcy Case (defined below) remains open.

　　　1.　　The "Invoicing" Section of the Contract is hereby deleted, and shall be replaced by the following:

Client and Accountant agree that the Accountant's compensation for services performed pursuant to this Agreement shall be the Accountant's customary hourly rates in effect at the time the services are performed for the Accountants, assistants and staff who provide services for the Client. At the time of the execution of this Agreement, the current hourly rates are as follows:

| Name | Title | Hourly Rate |
|------|-------|-------------|
| Dannett Gardiner | Principal/CPA | $185 |
| Brian George | CPA | $185 |
| Angela Gutierrez | Accounting Manager | $85 |
| Sheryl Larena | Accountant | $45 |
| Charo Flores | Accountant | $45 |
| Ging Calumpang | Clerk | $45 |
| Teri Kramer | Clerk | $30 |
| Nikki Garcia | Clerk | $30 |
| Bernardita Olor | Clerk | $30 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise. Accountant's time and paralegal time is billed in minimum 0.10 hour increments. Client will be provided with itemized monthly statements for services rendered and expenses incurred, which will be mailed on approximately the 10th of each calendar month. Client agrees to request the ability to make interim payments to Accountant, on a monthly basis.

　　　2.　　Accountant understands and acknowledges that Accountant's employment and Accountant's compensation, is subject to approval by the Bankruptcy Court

Profound Financial, PLLC

Name: Dannett Gardiner
Title:   Authorized Representative

4/7/2020

Date

**EXHIBIT 2**

**PROPOSED ORDER**

{00341186:2}

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

|  | Bankruptcy Case Nos. |
|---|---|
| In re: | 20-30271-tmb11 (Lead Case) |
| LEVEL 3 HOMES & DESIGN, LLC, | 20-30272-tmb11 |
| and | Jointly Administered |
| HEIRLOOM, INC., | ORDER AUTHORIZING EMPLOYMENT OF ACCOUNTANT / BOOKKEEPER, AND ESTABLISHING INTERIM COMPENSATION PROCEDURES |
| Debtors. | |

THIS MATTER having come before the Court on the Debtors' Amended Application for

Authority to Employ Accountant / Bookkeeper, and Motion to Approve Interim Compensation

Procedures [ECF No. ____] (the "***Application***") filed by Level 3 Homes & Design, LLC and

Heirloom, Inc., Debtors-in-Possession ("***Debtors***"), seeking an order authorizing them to employ

Profound Financial, PLLC ("***Professional***"), and to approve interim compensation procedures; the

ORDER AUTHORIZING EMPLOYMENT OF ACCOUNTANT /
BOOKKEEPER, AND APPROVING INTERIM COMPENSATION
PROCEDURES

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Court having reviewed the application and accompanying 2014 statement, and being otherwise duly advised; now, therefore,

IT IS HEREBY ORDERED as follows:

1)      Debtors' Application is approved, and Debtors are authorized to employ Profound as of the original application date of March 2, 2020, as accountant and bookkeeper;

2)      Debtors' motion to approve interim compensation procedures for Profound is GRANTED;

3)      With the Debtors' Rule 2015 Monthly Operating Reports, the Debtors shall include a report of Profound's hourly fees and expenses for the previous month.

4)      Unless a party in interest objects to payment of Profound's fees and expenses within 14 days from the date the Monthly Operating Report is filed, Debtors shall be authorized to pay Profound's fees and expense reimbursements.

5)      Upon receiving an objection from a party in interest, Debtors shall request a hearing to have the matter decided by the Court.

6)      Neither the failure to object nor the payment or nonpayment of any portion of the requested monthly interim compensation and expenses shall bind any creditor, party in interest, or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

ORDER AUTHORIZING EMPLOYMENT OF ACCOUNTANT / BOOKKEEPER, AND APPROVING INTERIM COMPENSATION PROCEDURES

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

7)      All fees and expenses paid to Profound under the interim compensation procedures are

subject to disgorgement until final allowance by the Court.

# # #

Order Presented by:

MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Telephone: 503-417-0508
E-mail: nhenderson@portlaw.com
Of Attorneys for Debtors

**PARTIES TO SERVE:**

**Via CM/ECF:**                          **Via First-Class Mail:**

All participants.                          None.

ORDER AUTHORIZING EMPLOYMENT OF ACCOUNTANT /
BOOKKEEPER, AND APPROVING INTERIM COMPENSATION
PROCEDURES

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2020, I served **DEBTORS' AMENDED APPLICATION FOR AUTHORITY TO EMPLOY ACCOUNTANT / BOOKKEEPER, AND MOTION TO APPROVE INTERIM COMPENSATION PROCEDURES** on the following participants through the Court's CM/ECF electronic notification processes:

- MATTHEW A ARBAUGH    matt@arbaugh-law.com
- CONDE T COX    conde@lawofficeofcondecox.com, trish@lawofficeofcondecox.com
- NICHOLAS J HENDERSON    nhenderson@portlaw.com, tsexton@portlaw.com;mperry@portlaw.com;hendersonnr86571@notify.bestcase.com
- HOWARD M LEVINE    hlevine@sussmanshank.com, jhume@sussmanshank.com,ecf.howard.levine@sussmanshank.com,howard-levine-5487@ecf.pacerpro.com
- CHARLES R MARKLEY    cmarkley@williamskastner.com, ncartier@williamskastner.com
- MICHAEL H McGEAN    mike@francishansen.com, brittany@francishansen.com
- RICHARD J PARKER    rjp@pbl.net, wlt@pbl.net
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

I further certify that the foregoing document was served by first-class mail to the address below:

ODR Bkcy
955 Center St NE
Salem, OR 97301-2555

DATED: April 8, 2020                    MOTSCHENBACHER & BLATTNER LLP

By:/s/Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Of Attorneys for Debtor

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-30271-tmb11    Doc 83    Filed 04/08/20